**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0097-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERT H. RAMGEET, a/k/a
CHARLES D. DAVIS, and
ROBERT H. RAMJEET,

     Defendant-Appellant.

_____

Submitted January 28, 2020 – Decided February 7, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 04-08-0958.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Union County Acting Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, a Jamaican citizen, was indicted and charged in 2004 with various offenses. In 2006, pursuant to a negotiated plea agreement, defendant pleaded guilty to second-degree conspiracy to commit kidnapping, N.J.S.A. 2C:5-2(a)(2), and first-degree carjacking, N.J.S.A. 2C:15-2. He was sentenced, on April 13, 2007, to an aggregate twelve-year prison term with an eighty-five percent period of parole ineligibility. Defendant did not file a direct appeal.

Instead, in May 2016, more than nine years after sentencing, defendant filed a post-conviction relief (PCR) petition, arguing his trial attorney misadvised him about the deportation consequences of the guilty plea. Without conducting an evidentiary hearing, the PCR judge denied relief, finding the PCR petition was both time-barred and without merit.

Defendant appeals, arguing in three points that he was "entitled to an evidentiary hearing," that his guilty plea was defective because the deportation consequences were not adequately explained, and that the PCR judge erred by finding the PCR petition untimely. We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We add only the following comments.

A-0097-18T2

In his PCR petition, defendant asserted that: he was not a United States citizen; he told this to his trial attorney; he asked his attorney about the deportation consequences of a guilty plea; his attorney never gave him "any straight answers"; and the attorney said defendant "would be able to fight that afterwards in immigration court." Defendant also claimed that he learned after his release from prison that his crimes were aggravated felonies and that deportation was "mandatory." Defendant asserts that had he known this in 2006, he would not have pleaded guilty, but he has not asserted that he did not commit the crimes to which he admitted when he pleaded guilty.

In 2006, when defendant pleaded guilty, applicable professional norms did not require that attorneys representing non-citizen criminal defendants give immigration advice, but, if they did, they could not give "wrong advice" or "false or misleading information" about the possibility of deportation. See State v. Gaitan, 209 N.J. 339, 373 (2012). The professional norm recognized by our Supreme Court in State v. Nuñez-Valdez, 200 N.J. 129 (2009), required that attorneys not give "wrong advice, followed by inaccurate and misleading information on immigration consequence[s]." Gaitan, 209 N.J. at 373. A year after Nuñez-Valdez, and four years after defendant's guilty plea, the Supreme Court of the United States determined that "correct" advice must be given when,

A-0097-18T2

as here, the risk of deportation is "truly clear." Padilla v. Kentucky, 559 U.S. 356, 369 (2010). Padilla was later determined to be a new rule that would be given prospective effect only, thereby depriving non-citizen defendants – like defendant here – of Padilla's holding if their "convictions became final prior to Padilla." Chaidez v. United States, 568 U.S. 342, 358 (2013).

Cognizant of his Sixth Amendment right to the effective assistance of counsel as that right existed prior to Padilla – requiring proof of mis-advice – defendant asserted in his PCR petition and its subsequent amendment that his attorney told him deportation was something that could be argued about in immigration court after his release from prison. Even assuming that advice was incorrect, or false and misleading, the record reveals that the plea judge clarified any mistaken information conveyed by counsel; the judge expressed to defendant that deportation would result because defendant was pleading guilty to an aggravated felony:

> Q. And you are not a citizen of the United States, correct?
>
> A. Correct, sir.
>
> Q. You understand that by pleading guilty to this charge, that it could affect your continued residence in this country, correct?
>
> A. Yes.

4

Q. As a matter of fact is it true that the Immigration and Naturalization Service has already filed a detainer against you <u>as an aggravated felon</u>?

A. They might have.

Q. They might have?

A. They might have. Yeah.

Q. And you understand that if that is determined to be so, <u>you will be deported</u> from this country, but it would be after the service of any custodial sentence that was imposed upon you?

A. Yes, Your Honor.

[Emphasis added.]

In short, what defendant claims his attorney did not tell him was clearly told to him by the judge.[1] In such an instance, the PCR judge was not obligated to conduct an evidentiary hearing because there can be no dispute that defendant acknowledged in 2006 what he now self-servingly claims he did not then know.

Moreover, defendant's acknowledgement of what the plea judge advised him in 2006 negates his argument that his failure to file his PCR petition should be excused because it was not filed within five years of the entry of the 2007

---

[1] In the plea form defendant signed in 2006, he acknowledged he was not a United States citizen, and he expressed his understanding that a guilty plea could lead to his deportation.

A-0097-18T2

judgment of conviction, as required by Rule 3:22-12(a)(1).  The only excuse defendant offered was his demonstrably inaccurate claim that he was unaware until 2016 that his guilty plea would lead to his deportation.  In light of this circumstance, the judge correctly found the PCR petition to be time-barred.  See State v. Brewster, 429 N.J. Super. 387, 398-99 (App. Div. 2013).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0097-18T2